UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:                                                              Case No.: 8-26-71752-las

ROSE MECHANICAL CORP.,                                              Chapter 11

                                    Debtor.
--------------------------------------------------------------X

## DECLARATION OF ANTHONY TAORMINA
## PURSUANT TO E.D.N.Y. LBR 1007-4

Pursuant to 28 U.S.C. § 1746, I, Anthony Taormina, declare as follows under penalty of perjury:

1.      I am the sole shareholder and president of Rose Mechanical Corp., the debtor and debtor in possession in this Chapter 11 case (the "Debtor"). In that capacity, I am familiar with the Debtor's day-to-day operations, business, and financial affairs.

2.      This declaration is made pursuant to E.D.N.Y. LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11 case and in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code.

3.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations, financial affairs and past history. If called upon to testify, I would testify competently to the facts set forth in this declaration. I am authorized to submit this declaration on behalf of the Debtor. Section I of this declaration provides an overview of the Debtor's business. Section II describes the circumstances giving rise to the Debtor's commencement of this Chapter 11 case. Section III describes certain information required by LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules.

1

# I.

## The Debtor's Business

4.    The Debtor is a New York corporation with its corporate office located at 1565 Ocean Ave, Bohemia, New York 11716. The Debtor is a construction company formed in or around September 2009. The Debtor's business consists of, among other things, installing, maintaining, and designing heating, ventilation, and air conditioning systems. The Debtor's principal assets consist of cash and checking accounts, vehicles, and various specialized equipment and supplies for use in the Debtor's work.

# II.

## Events Leading to the Chapter 11 Case

5.    Prior to the filing of the Debtor's Chapter 11 petition, the Debtor entered into agreements with various merchant cash advance ("MCA") lenders, including Kapitus LLC and On Deck Capital. Pre-petition, a significant portion of the Debtor's revenue was being used to repay the MCA lenders, creating an unsustainable financial environment for the Debtor continued business operations.

6.    In addition, the Debtor was involved in multiple litigations.  In many of them, the Debtor was either a plaintiff or a named party in a mechanic's lien foreclosure in which the Debtor was seeking recovery of several million dollars in funds on completed construction projects.  The lack of these funds led to the need for the MCA funding.

7.    In others, the Debtor was a defendant, including one case in which a trial was about to start, which the Debtor did not have the funds to defend.

8.    In addition, the Debtor had fallen behind in payments to its union healthcare fund. The Debtor had reached a resolution of that issue and will be presenting that resolution to the Court

for approval. The Debtor requires this Chapter 11 to be able to handle the existing litigation in an efficient and cost-effective manner, resolve the litigation in which it is a plaintiff and present a plan to its creditors that maximizes the Debtor's value as a going concern.

9.      The Debtor now files this bankruptcy petition seeking an opportunity to restructure its debts in a manner permitted by the Bankruptcy Code so as to achieve a sustainable manner in which to pay its debts.

### III.

### Information Required by E.D.N.Y. LBR 1007-4

10.     In accordance with E.D.N.Y. LBR 1007-4(a)(i), and to the best of my knowledge, information, and belief, the Debtor is not a small business debtor within the meaning of Bankruptcy Code § 101(51D).

11.     In accordance with E.D.N.Y. LBR 1007-4(a)(ii), and to the best of my knowledge, information, and belief, the Debtor is not a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).

12.     In accordance with E.D.N.Y. LBR 1007-4, a list of the names and addresses of the creditors holding secured claims and the 20 largest unsecured claims against the Debtor have been filed with the Debtor's bankruptcy petition.[1] *See,* Dkt. No. 1.

13.     A summary of the Debtor's Assets and Liabilities were filed with the Debtor's schedules on May 18, 2026. *See* Dkt. No. 39.

14.     In accordance with E.D.N.Y. LBR 1007-4(a)(ix), and to the best of my knowledge, information, and belief, there are no stock, debentures, or other securities of the Debtor that are publicly held.

---

[1] Official Form 204 filed with the Debtor's petitions provides a list of the Debtor's creditors holding the 20 largest unsecured claims.

15.     In accordance with E.D.N.Y. LBR 1007-4(a)(x), and to the best of my knowledge, information, and belief, the Debtor does not have property in the possession or custody of any custodian.

16.     In accordance with E.D.N.Y. LBR 1007-4(a)(xi), and to the best of my knowledge, information, and belief, Debtor's significant assets and books are held at 1565 Ocean Ave, Bohemia, New York 11716.

17.     In accordance with E.D.N.Y. LBR 1007-4(a)(xv) and (xvi), and to the best of my knowledge, information, and belief, the Debtor employs approximately thirty-two (32) full and part-time employees, and the gross weekly payroll to these employees, for the 30-day period post-petition is $81,712.25, inclusive of employer liability. The estimated amount to be paid to myself as salary on a weekly basis for the 30-day period post-petition is approximately $4,423.08, inclusive of employer liability.

18.     As of the drafting of this declaration, the Debtor anticipates that its operating income for the 30-day period following the bankruptcy petition will be approximately $520,000.00 with operating expenses to be approximately $417,025.54.

19.     The Debtor does not make any admissions and reserves all of its rights and remedies.

20.     The foregoing is true and current to the best of my knowledge, information and belief.

Dated: May 18, 2026                                             /s/ Anthony Taormina
      Huntington, New York                                  Anthony Taormina

4